IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAFFAELLY and CHARLES SCHNEPP, | No.  CIV.S-06-0165 FCD DAD PS |
| Plaintiffs, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| SISKIYOU COUNTY BOARD OF SUPERVISORS, et al., | |
| Defendants. | |
| _____/ | |

This matter came before the court on June 16, 2006, for hearing on defendants' motions to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The following three groups of defendants have moved for dismissal: (1) defendant County of Siskiyou; (2) defendant Sierra Pacific Industries; and (3) defendants Fruit Growers Supply Company, The Hearst Corporation, Roseburg Forest Products Co., and Timber Products Company.  Defendant Hancock Timber Resource Group has joined in the motion brought by County of Siskiyou.

1

At the hearing on the motion, Philip B. Price appeared on behalf of defendant County of Siskiyou. David E. Martinek appeared on behalf of defendant Sierra Pacific Industries. Daniel S. Frost appeared for defendants Fruit Growers Supply Company, The Hearst Corporation, Roseburg Forest Products Co., and Timber Products Company. Sean Hungerford appeared on behalf of defendant Hancock Timber Resource Group. There was no appearance on behalf of the only other named defendant, Peg Borman, an employee of the United States Department of Agriculture Forest Service who has been sued in her official capacity as the Forest Supervisor of the Klamath National Forest.[1]

Plaintiffs Robert Raffaelly and Charles Schnepp, proceeding pro se, appeared at the hearing on their own behalf. Plaintiffs also have filed opposition to each of the pending motions.

Having considered all written materials filed in connection with the motions, and after hearing oral argument, for the reasons discussed more fully on the record during the hearing, the undersigned will recommend that the motions to dismiss be granted and the moving defendants be dismissed from this action with prejudice.[2]

---

[1] The undersigned denied plaintiffs' request at the hearing that the court require an appearance on behalf of Ms. Borman and continue the hearing on the motions for that purpose. As explained below, these findings and recommendation concern the moving defendants only, and Ms. Borman is not a moving defendant at this time. Further, as noted at the hearing, while Ms. Borman has not joined in the instant motions, through counsel she has filed her own motion to dismiss, noticing that motion for hearing on July 21, 2006.

[2] In light of this recommendation, the undersigned does not reach defendants' alternative motions for a more definite statement.

**LEGAL STANDARDS**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). On a motion to dismiss brought pursuant to Rule 12(b)(6) a complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). Furthermore, the court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of

a pro se complaint may not supply essential elements of a claim that are not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1982).

## **ANALYSIS**

Plaintiffs initiated this action by filing their complaint on January 25, 2006.  Liberally construed, the lengthy complaint concerns land zoned in the County of Siskiyou for commercial timber production pursuant to the Forest Taxation Reform Act ("FTRA") of 1976, California Government Code §§ 51100 et seq.[3]  The complaint alleges that the moving defendants own thousands of acres of such Timber Production Zone ("TPZ") land and that the FTRA and related laws entitle plaintiffs access to the TPZ land for "educational, environmental, ecological, recreational and related 'compatible' uses ...."  (Compl. ¶ 1.)  According to the complaint, the moving defendants have deprived plaintiffs of such access by constructing fencing and gates at entrances to the land.

The complaint alleges two discernible federal claims for relief against the moving defendants.  One of the federal claims is a claim under 42 U.S.C. § 1983 that the defendants have deprived plaintiffs of their property interest in the subject lands without due process.  The other federal claim is a claim under 42 U.S.C. §

---

[3] The FTRA was later amended by the California Timberland Productivity Act of 1982 ("TPA").  See Cal. Gov't Code § 51100. Therefore, today the provisions appearing at California Government Code §§ 51100 et seq. are normally referred to as the TPA, rather than the FTRA.  See, e.g., Big Creek Lumber Co. v. County of San Mateo, 31 Cal. App. 4th 418, 422 (1995).

1985 that defendants conspired in depriving plaintiffs of that property interest.

As the moving defendants point out, the federal claims brought against them by plaintiff Raffaelly must be dismissed because they simply re-state claims that were raised against them and dismissed with prejudice in Raffaelly v. Sierra Pacific Industries, et al., No. CIV.S-02-2356 FCD DAD PS, a virtually identical prior action brought in this district by plaintiff Raffaelly.[4]  See Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) (doctrine of res judicata serves to bar a claim where there is an identity of claims, a final judgment on the merits, and an identity or privity between the parties).  Just like in this action, in the first action plaintiff Raffaelly alleged that, pursuant to a strained reading of the California Constitution, the FTRA and other state laws, TPZ land comes with a "conservation easement" which entitles plaintiff (and the general public) to access to the TPZ land.  As in this action, in the first action plaintiff alleged that this conservation easement concept gave him a property interest, the denial of which violated plaintiff's due process rights.  The first complaint also alleged that, pursuant to 42 U.S.C. § 1985(3), defendants conspired in maintaining locked gates and denying plaintiff road access to the property in which he allegedly maintains

---

[4] In Raffaelly v. Sierra Pacific Industries, et al., No. CIV.S-02-2356 FCD DAD PS, the undersigned recommended dismissal with prejudice in findings and recommendations filed July 23, 2003.  The assigned district judge adopted that recommendation in full by order filed August 21, 2003.  This case and the first case also have been related by order filed April 10, 2006.

5

an interest.  In short, plaintiff Raffaelly's federal claims as to the moving defendants in this action are virtually identical to those rejected in Raffaelly v. Sierra Pacific Industries, et al., No. CIV.S-02-2356 FCD DAD PS.  Therefore, the undersigned will recommend that the motions to dismiss be granted and that all of the federal claims brought by plaintiff Raffaelly be dismissed as to the moving defendants because they are barred by res judicata.

        The court realizes that plaintiff Charles Schnepp was not a named plaintiff in the first action.  Therefore, there is no identity of parties as to plaintiff Schnepp and res judicata does not bar his federal claims against the moving defendants.  Nonetheless, the allegations in this action with respect to plaintiff Schnepp and the moving defendants are virtually indistinguishable from the allegations in the initial action with respect to plaintiff Raffaelly and defendants.  Thus, for the reasons set forth in the findings and recommendations filed on July 23, 2003, in Raffaelly v. Sierra Pacific Industries, et al., No. CIV.S-02-2356 FCD DAD PS, which are hereby incorporated by reference, the undersigned will further recommend that plaintiff Schnepp's § 1983 and § 1985 claims be dismissed with prejudice as to the moving defendants.

        Finally, "[u]nder 28 U.S.C. § 1367(c)(3) a district court may elect, in its discretion, not to exercise supplemental jurisdiction over state claims if it has dismissed the original jurisdiction federal claims."  Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999), cert. denied, 528 U.S. 1154 (2000) (citing Fang v. United States, 140 F.3d 1238, 1241 (9th Cir. 1998) and Voight v.

1  Savell, 70 F.3d 1552, 1565 (9th Cir. 1995)).  Where, as here, all
2  federal claims are dismissed before trial, the balance of relevant
3  factors points toward declining to exercise jurisdiction over the
4  remaining state law claims.  Gini v. Las Vegas Metro. Police Dep't,
5  40 F.3d 1041, 1046 (9th Cir. 1994); Imagineering, Inc. v. Kiewit Pac.
6  Co., 976 F.2d 1303, 1309 (9th Cir. 1992).  Under these circumstances,
7  the undersigned will recommend that the district court decline to
8  exercise its supplemental jurisdiction to adjudicate plaintiffs'
9  state law claims against the moving defendants and that those claims
10 be dismissed without prejudice.

11       If the recommendation above is adopted, only defendant Peg
12 Borman, the Forest Supervisor of the Klamath National Forest, will
13 remain.  Ms. Borman, presumably because she is the only named
14 defendant who was not named in plaintiff Raffaelly's first action,
15 has not joined in the instant motions.[5]  Nonetheless, as noted above,
16 defendant Borman has filed her own motion to dismiss, noticing the
17 motion for hearing on July 21, 2006.  The status of this action
18 against defendant Borman will be addressed at that time.

### CONCLUSION

20      Accordingly, for the reasons set forth above, IT IS HEREBY
21 RECOMMENDED that:
22      1.  Moving defendants' motions to dismiss be granted;
23 /////

---

25  [5] The federal claims alleged against defendant Borman include
    the §§ 1983 and 1985 claims described above as well as a difficult to
26  decipher claim under the Administrative Procedures Act.

7

  2. Plaintiff Raffaelly's federal claims alleged under 42 U.S.C. §§ 1983 and 1985 be dismissed as barred by res judicata as to defendants County of Siskiyou; Sierra Pacific Industries; Fruit Growers Supply Company; The Hearst Corporation; Roseburg Forest Products Co.; Timber Products Company; and Hancock Timber Resource Group;

  3. Plaintiff Schnepp's federal claims be dismissed as to the same defendants for failure to state a claim upon which relief can be granted; and

  4. Plaintiffs' state law claims as to those defendants be dismissed without prejudice.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five (5) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\raffaelly0165.f&r