IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT RAFFAELLY andNo.  CIV.S-06-0165 FCD DAD PS
CHARLES SCHNEPP,

         Plaintiffs,

   v.FINDINGS AND RECOMMENDATIONS

SISKIYOU COUNTY BOARD OF
SUPERVISORS, et al.,

         Defendants.
_____/

      This matter came before the court on September 15, 2006, for hearing on defendant County of Siskiyou's motion for attorney's fees pursuant to 42 U.S.C. § 1988.

      At the hearing on the motion, Philip B. Price appeared on behalf of defendant County of Siskiyou.  There was no appearance on behalf of defendants Sierra Pacific Industries; Fruit Growers Supply Company; The Hearst Corporation; Roseburg Forest Products Co.; Timber Products Company; and Hancock Timber Resource Group, although each of these defendants have filed a statement of non-opposition to County

1

1  of Siskiyou's motion.  There also was no appearance on behalf of the
2  only other named defendant, Peg Borman, an employee of the United
3  States Department of Agriculture Forest Service who has been sued in
4  her official capacity as the Forest Supervisor of the Klamath
5  National Forest.
6         Plaintiffs Robert Raffaelly and Charles Schnepp, proceeding
7  pro se, appeared at the hearing on their own behalf.  Plaintiffs also
8  have filed opposition to the motion for attorney's fees.
9         Having considered all written materials filed in connection
10 with the motion, and after hearing oral argument, for the reasons set
11 forth below, the undersigned will recommend that the motion for
12 attorney's fees be denied.
13        Plaintiffs initiated this action by filing their complaint
14 on January 25, 2006.  The complaint contained federal claims under 42
15 U.S.C. §§ 1983 and 1985.  By order filed August 2, 2006, this action
16 was dismissed as to defendant County of Siskiyou, and most of the
17 other defendants, with judgment being entered in defendants' favor on
18 August 15, 2006.
19        Defendant County of Siskiyou now has moved for attorney's
20 fees pursuant to 42 U.S.C. § 1988, which provides in relevant part:
21 "In any action or proceeding to enforce a provision of sections 1981,
22 1981a, 1982, 1983, 1985, and 1986 of this title ... the court, in its
23 discretion, may allow the prevailing party, other than the United
24 States, a reasonable attorney's fee as part of the costs ....."  42
25 U.S.C. § 1988(b).
26 /////

1   Since County of Siskiyou is the prevailing party, the court
2 has discretion to award it attorney's fees under § 1988. <u>Sotomura v.</u>
3 <u>County of Hawaii</u>, 679 F.2d 152 (9th Cir. 1982).  However, a
4 prevailing defendant in a civil rights case is entitled to attorney's
5 fees only where the plaintiff's action was "frivolous, unreasonable,
6 or without foundation." <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S.
7 412, 421 (1978); <u>Cooper v. Dupnik</u>, 924 F.2d 1520, 1537 (9th Cir.
8 1991); <u>U.S. ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 647-48 (9th
9 Cir. 1986).  This standard is interpreted narrowly in cases involving
10 pro se plaintiffs. <u>Miller v. Los Angeles County Bd. of Educ.</u>, 827
11 F.2d 617, 620 (9th Cir. 1987).  A court should award attorney's fees
12 to defendants under § 1988 only in exceptional circumstances.
13 <u>Mitchell v. Los Angeles Comm. College Dist.</u>, 861 F.2d 198, 202 (9th
14 Cir. 1988).

15   As demonstrated in the Findings and Recommendations filed
16 July 12, 2006, and Order adopting those Findings and Recommendations
17 filed August 2, 2006, plaintiffs' theory of recovery against
18 defendant County of Siskiyou lacked merit.  Moreover, this action
19 repeats the allegations of a virtually identical action brought
20 earlier by plaintiff Raffaelly.  (<u>See</u> <u>Raffaelly v. Sierra Pacific</u>
21 <u>Industries, et al.</u>, No. CIV.S-02-2356 FCD DAD PS.)   Nonetheless, the
22 undersigned observes that plaintiffs, in both their papers and during
23 their telephonic appearances before the court, appeared to be well-
24 intentioned and to have a good faith belief, albeit misguided, in the
25 merits of their action.  Considering the pro se status of plaintiffs
26 as well as the manner in which they conducted themselves in this

1  litigation, the court is inclined to give them the benefit of the
2  doubt in this regard and to therefore recommend that the motion for
3  attorney's fees be denied.  See Miller, 827 F.2d at 620 ("[P]ro se
4  plaintiffs cannot simply be assumed to have the same ability as a
5  plaintiff represented by counsel to recognize the objective merit (or
6  lack of merit) of a claim.")

7         Accordingly, IT IS HEREBY RECOMMENDED that defendant County
8  of Siskiyou's motion for attorney's fees be denied.

9         These findings and recommendations are submitted to the
10 United States District Judge assigned to the case, pursuant to the
11 provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
12 being served with these findings and recommendations, any party may
13 file written objections with the court and serve a copy on all
14 parties.  Such a document should be captioned "Objections to
15 Magistrate Judge's Findings and Recommendations."  Any reply to the
16 objections shall be served and filed within five (5) days after
17 service of the objections.  The parties are advised that failure to
18 file objections within the specified time may waive the right to
19 appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d
20 1153 (9th Cir. 1991).

21 DATED: September 15, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25 DAD:th
ddad1\orders.prose\raffaelly0165.f&r.fees

4