IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT RAFFAELLY and
CHARLES SCHNEPP,

       Plaintiffs,

  v.

SISKIYOU COUNTY BOARD OF
SUPERVISORS, et al.,

       Defendants.
_____/

No.  CIV.S-06-0165 FCD DAD PS

FINDINGS AND RECOMMENDATIONS

This matter came is before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant Peg Borman.  At the hearing on the motion, Yoshinori H.T. Himel appeared on behalf of defendant Borman.  David E. Martinek appeared on behalf of defendant Sierra Pacific Industries.  Plaintiffs Robert Raffaelly and Charles Schnepp, proceeding pro se, appeared on their own behalf. Plaintiffs also have filed opposition to the motion.  Having considered all written materials filed in connection with the motion, and after hearing oral argument, for the reasons discussed more fully

1

on the record during the hearing, the undersigned will recommend that the motion to dismiss be granted and defendant Borman be dismissed from this action with prejudice.

## LEGAL STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). On a motion to dismiss brought pursuant to Rule 12(b)(6) a complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). Furthermore, the court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In a case where the

plaintiff is pro se, the court has an obligation to construe the pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1982).

## ANALYSIS

Plaintiffs initiated this action by filing their complaint on January 25, 2006. Liberally construed, the complaint concerns land zoned in the County of Siskiyou for commercial timber production pursuant to the Forest Taxation Reform Act ("FTRA") of 1976, California Government Code §§ 51100 et seq.[1] The complaint alleges that the private defendants own thousands of acres of such Timber Production Zone ("TPZ") land and that the FTRA and related laws entitle plaintiffs access to the TPZ land for "educational, environmental, ecological, recreational and related 'compatible' uses ...." (Compl. ¶ 1.) The complaint alleges that plaintiffs "hold a property interest ... to and from, and on" the TPZ land as well as "across intermingled or checkerboard pattern Klamath Nat'l Forest, U.S. Forest Service public administered land ...." (Compl. ¶ 2.) Defendant Borman is an employee of the United States Department of

---

[1] The FTRA was later amended by the California Timberland Productivity Act of 1982 ("TPA"). See Cal. Gov't Code § 51100. Therefore, today the provisions appearing at California Government Code §§ 51100 et seq. are normally referred to as the TPA, rather than the FTRA. See, e.g., Big Creek Lumber Co. v. County of San Mateo, 31 Cal. App. 4th 418, 422 (1995).

3

Agriculture Forest Service who has been sued in her official capacity as the Forest Supervisor of the Klamath National Forest.  According to the complaint, defendants have deprived plaintiffs of access to the land by constructing fencing and gates at entrances to the land.

Liberally construed, the complaint alleges three discernible federal claims for relief against defendant Borman.  One of the federal claims is purportedly brought pursuant to the Administrative Procedures Act, 5 U.S.C. § 706, and alleges that "USFS posted locked gate road closures depriving plaintiffs' and the publics' [sic] property interest ... is arbitrary and capricious, an abuse of discretion, [and] inconsistent" with various local, state and federal laws.  (Compl. ¶ 95.)  The second federal claim is a claim under 42 U.S.C. § 1983 that defendant has deprived plaintiffs of their property interest in the subject lands without due process.  The third federal claim is a claim under 42 U.S.C. § 1985 that defendant Borman, along with all of the other defendants, conspired in depriving plaintiffs of that property interest.

As discussed on the record during the hearing, the allegation that TPZ land comes with any property interest which entitles plaintiffs and the general public to access to TPZ land has no merit.  Plaintiffs' perception of any property interest is based on a strained reading of the California Constitution, the FTRA and other state laws.  The undersigned observed as much in detail in a virtually identical prior action brought by plaintiff Raffaelly, Raffaelly v. Sierra Pacific Industries, et al., No. CIV.S-02-2356 FCD

/////

DAD PS,[2] as well as in findings and recommendations issued earlier in this case in connection with the other defendants' motions to dismiss. Thus, for the reasons set forth in the findings and recommendations filed on July 23, 2003, in Raffaelly v. Sierra Pacific Industries, et al., No. CIV.S-02-2356 FCD DAD PS, and the earlier findings and recommendations in this case (Doc. no. 52), which are hereby incorporated by reference, the undersigned will recommend that plaintiffs' claims against defendant Borman be dismissed with prejudice.

In light of this recommendation, the undersigned does not reach defendant's other arguments in support of her motions to dismiss or to quash service. The fact that plaintiffs have no cognizable property interest in the land at issue is fatal to their federal claims.

Finally, "[u]nder 28 U.S.C. § 1367(c)(3) a district court may elect, in its discretion, not to exercise supplemental jurisdiction over state claims if it has dismissed the original jurisdiction federal claims." Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999), cert. denied, 528 U.S. 1154 (2000) (citing Fang v. United States, 140 F.3d 1238, 1241 (9th Cir. 1998) and Voight v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995)). Where, as here, all federal claims are dismissed before trial, the balance of relevant

---

[2] In Raffaelly v. Sierra Pacific Industries, et al., No. CIV.S-02-2356 FCD DAD PS, the undersigned recommended dismissal with prejudice in findings and recommendations filed July 23, 2003. The assigned district judge adopted that recommendation in full by order filed August 21, 2003. This case and the first case also have been related by order filed April 10, 2006.

factors points toward declining to exercise jurisdiction over the remaining state law claims.  <u>Gini v. Las Vegas Metro. Police Dep't</u>, 40 F.3d 1041, 1046 (9th Cir. 1994); <u>Imagineering, Inc. v. Kiewit Pac. Co.</u>, 976 F.2d 1303, 1309 (9th Cir. 1992).  Under these circumstances, the undersigned will recommend that the district court decline to exercise its supplemental jurisdiction to adjudicate plaintiffs' state law claims against defendant Borman and that those claims be dismissed without prejudice.

**CONCLUSION**

Accordingly, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1.  Defendant Borman's motion to dismiss be granted;

2.  Plaintiffs' federal claims against defendant Borman be dismissed with prejudice for failure to state a claim upon which relief can be granted; and

3.  Plaintiffs' state law claims as to defendant Borman be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five (5) days after service of the objections.  The parties are advised that failure to

file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 29, 2006.

                                     /s/ Dale A. Drozd
                                     DALE A. DROZD
                                     UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\raffaelly0165.f&r.borman

7